UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01110 JAK (JEMx) | | Date | May 18, 2016 |
|---|---|---|---|---|
| Title | Javier Ortiz, et al. v. Seterus, Inc., et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND (DKT. 12)     **JS-6: Remanded**

## I.     Introduction

Javier Ortiz and Ana Ortiz ("Plaintiffs") brought this action against Seterus, Inc. ("Defendant") and Federal National Mortgage Association ("Fannie Mae") in the Los Angeles Superior Court. Dkt. 1 at 5. Plaintiffs' claims arise from disputes over a potential modification to a loan secured by a deed of trust on their residence. Defendants removed the action based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331.[1] Plaintiffs dismissed Fannie Mae as a defendant. Dkt. 11. Thereafter, they moved to remand this action ("Motion"). Dkt. 12. Plaintiffs contend that there is no subject matter jurisdiction because there is neither federal question jurisdiction nor an amount in controversy sufficient to establish diversity jurisdiction.[2] Defendant opposed the Motion on the basis that the amount in controversy is satisfied. Dkt. 16.[3]

A hearing on the Motion was held on May 16, 2016, and the matter was taken under submission. Dkt. 20. For the reasons stated in this Order, the Motion is **GRANTED**.

## II.     Factual Background

On March 26, 2007, Plaintiffs signed a promissory note for $392,000 ("Note"). Dkt. 10, ¶ 8. The Note was secured by a Deed of Trust with respect to the property located at 38140 Archwood Way, Palmdale, CA ("Property"). *Id.* ¶ 1. "Countrywide KB Home Loans, a Countrywide Mortgage Ventures, LLC Series" was named as the lender and beneficiary of the Deed of Trust. *Id.* ¶ 8. However, the operative First Amended Complaint ("FAC") alleges that at a later, unspecified date, Defendant took over as servicer for the Note, acting as the agent for Fannie Mae, the new beneficiary of the Note and the Deed of Trust. *Id.* ¶ 11.

---

[1] *See Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 682 (9th Cir. 2014) ("Fannie Mae's federal charter confers federal question jurisdiction over claims brought by or against Fannie Mae.").
[2] The parties agree that there is complete diversity among the parties. Plaintiffs are California citizens and Defendant is a citizen of Delaware. Dkt. 12 at 7; Dkt. 16 at 8, Ex. 1.
[3] Defendant does not assert that the Court maintains federal question jurisdiction following the dismissal of Fannie Mae.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01110 JAK (JEMx) | Date | May 18, 2016 |
|---|---|---|---|
| Title | Javier Ortiz, et al. v. Seterus, Inc., et al. | | |

The FAC alleges that Plaintiffs experienced financial hardship in 2012, which caused them to default on the Note. *Id.* ¶ 12. A Notice of Default was recorded on December 20, 2013. *Id.* ¶ 13. The FAC alleges that Plaintiffs contacted Defendant, and the prior loan servicer, on "numerous occasions" in 2012, 2013 and 2014 regarding the possibility of obtaining a loan modification. *Id.* ¶ 14. However, the FAC alleges that Plaintiffs were unable to make any "progress." *Id.* It alleges that Plaintiffs submitted their loan modification application and supporting documents on several occasions, but never received any response from Defendant. *Id.* The FAC alleges that when Plaintiffs attempted to follow up on their application, they would either: (i) be referred to a voice mail box in which they would leave a message that was not returned; (ii) speak with a person who was unfamiliar with their file and unable to give them any meaningful information; or (iii) be asked to submit additional information and documents. *Id.* Plaintiffs allegedly complied with all requests to supplement their application, but never received any meaningful responsive information about the status of their application. *Id.*

The FAC alleges that in March 2015, with the assistance of a non-profit agent, Plaintiffs submitted a complete loan modification application to Defendant. *Id.* ¶ 15. The FAC alleges that Plaintiffs never received any acknowledgement of receipt from Defendant, in violation of Cal. Civ. Code § 2924.10. *Id.* ¶ 17. The FAC also alleges that Plaintiffs requested a "Single Point of Contact" ("SPOC"), with whom they could communicate about their application. *Id.* ¶ 21. Defendant allegedly failed to assign a SPOC to Plaintiffs, in violation of Cal. Civ. Code § 2923.7. *Id.* ¶ 22. The FAC also alleges that Plaintiffs never received a denial letter from Defendant with respect to their application. *Id.* ¶ 29. Thus, the FAC alleges that, to the extent Plaintiffs' application was denied, Defendant violated Cal. Civ. Code § 2923.6(f), which requires that a denial letter be sent and that it include specified information. *Id.* ¶¶ 27, 28.

Based on the foregoing allegations, the FAC advances the following causes of action against Defendant: (i) Violation of Cal. Civ. Code § 2924.10; (ii) Violation of Cal. Civ. Code § 2923.7; (iii) Violation of Cal. Civ. Code § 2923.6; (iv) Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; and (v) Negligence. The FAC seeks injunctive relief as to the first three claims, as well as damages and attorney's fees. *Id.* at 15.

### III.    Analysis

####     A.    Legal Standard

#####         1.    Motion to Remand

A motion to remand challenges the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one that could have been brought originally in a federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over a removed action where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party has the burden of establishing that it was proper to do so. *Id.* "If a case is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01110 JAK (JEMx) | | Date | May 18, 2016 |
|---|---|---|---|---|
| Title | Javier Ortiz, et al. v. Seterus, Inc., et al. | | | |

improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

       2.      <u>Amount in Controversy</u>

When a complaint filed in a state court is silent as to amount in controversy, a defendant seeking removal of that action must prove "by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Under this burden, the defendant must provide evidence that it is "more likely than not" that the amount in controversy satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

Generally, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In prior home loan foreclosure cases, district courts have concluded that "[i]f the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then that property is the object of the litigation." *Lee v. Wells Fargo Bank, N.A.*, 2015 WL 5618869, at *5 (C.D. Cal. Sept. 24, 2015) (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)); *accord Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *5 (N.D. Cal. June 29, 2010) ("[T]he value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property."). For example, where a plaintiff seeks to quiet title, the amount in controversy "is the whole of the real estate to which the claim extends." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (quoting *Woodside v. Ciceroni*, 93 F. 1, 4 (9th Cir. 1899)).

District courts also have recognized an exception to this general rule where it is not apparent from the face of the complaint that a plaintiff is seeking to prevent the ultimate sale of the subject property at a foreclosure sale. In that context, these courts have concluded that the value of the property does not determine the amount in controversy. For example, "[c]ourts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification*." *Vergara v. Wells Fargo Bank, N.A.*, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original) (citing *Cheng v. Wells Fargo Bank, N.A.*, 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010) ("[T]he primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages."); *Vonderscher v. Green Tree Servicing, LLC*, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) ("Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount . . . the amount in controversy is 'not properly gauged by the loan amount.'"); *Landa v. Flagstar Bank, FSB*, 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) (remanding action where plaintiffs sought an "injunction against foreclosure" but were "not seeking loan rescission")); *accord Lopez v. JPMorgan Chase Bank, N.A.*, 2016 WL 320105, at *3 (C.D. Cal. Jan. 25, 2016) ("Federal district courts recognize a narrow exception to the general rule governing the amount in controversy requirement for foreclosure actions: when there is no actual foreclosure pending, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01110 JAK (JEMx) | Date | May 18, 2016 |
|---|---|---|---|
| Title | Javier Ortiz, et al. v. Seterus, Inc., et al. | | |

plaintiff seeks only to enjoin possible foreclosure proceedings, the value of the property or the loan is not the proper measure of the amount in controversy."); *Quiroga v. Bank of Am., N.A.*, 2015 WL 4747978, at *3 (C.D. Cal. Aug. 10, 2015) (value of the property and amount due on loan were not appropriate measures of the amount in controversy where the plaintiff sought a loan modification and damages); *Baskin v. Wells Fargo Bank, N.A.*, 2011 WL 5369123, at *2 (N.D. Cal. Nov. 7, 2011) ("[S]ince Plaintiffs are not seeking to rescind their mortgage, the amount in controversy is not properly gauged by the loan amount." (internal quotation marks omitted)); *Gaspar v. Wachovia Bank*, 2011 WL 577416, at *4 (N.D. Cal. Feb. 9, 2011) (amount in controversy "not properly gauged by the loan amount" because "in her *prayer for relief*, Plaintiff limits her requested relief to a loan modification and actual and punitive damages. At bottom, Plaintiff does not seek rescission of the loan" (emphasis in original)).

    **B.    Application**

        1.    <u>Whether Amount in Controversy Is Satisfied by Value of Property</u>

The FAC does not allege an amount in controversy. Plaintiffs assert that the $75,000 threshold is not satisfied because there is no impending foreclosure, and Plaintiffs do not seek injunctive relief to prevent one. Thus, they argue that the rule that the "value of the object of the litigation" determines the amount in controversy does not apply here. Dkt. 12 at 7-8. Defendant argues that, although the FAC does not currently allege a date noticed for a trustee's sale, the Notice of Default recorded in 2013 is still valid, and a foreclosure is still a possibility. Dkt. 16 at 8-9, 11-12. Therefore, Defendant asserts that the value of the Note determines the amount in controversy, and that it is more than $75,000.

The FAC alleges that a Notice of Default was recorded on December 20, 2013. Dkt. 10, ¶ 13. Thereafter, Plaintiffs allegedly attempted to apply for a loan modification on several occasions in 2012, 2013 and 2014. *Id.* ¶ 14. The FAC alleges that Plaintiffs' most recent effort to do so was in March 2015. *Id.* ¶ 15. However, Plaintiffs allegedly received no response from Defendant that either acknowledged receipt of the application, or stated a determination about it. *Id.* ¶¶ 16, 29. As noted, based on these allegations, Plaintiffs assert three claims under the California Homeowner Bills of Rights ("HBOR"), for violations of Cal. Civ. Code §§ 2923.6, 2923.7 and 2924.10. Each of these statutes sets forth certain standards with which mortgage servicers must comply during the loan modification application process.

Plaintiffs' remaining two claims -- unlawful and unfair business practices and negligence -- are premised on Defendant's alleged violations of the HBOR statutes. Thus, the FAC states that "the information provided to Plaintiffs w[as] certainly misleading and not consistent as to the status of their loan modification and what they were supposed to do to satisfy the lender's demands" and "Plaintiffs allege Defendant[] put them up to applying for a loan modification, holding it out to them as available, when it was not. Plaintiffs allege Defendant[] forced Plaintiffs into delinquency by denying them a loan modification wrongly and without explanation." *Id.* ¶¶ 37, 49. In essence, the FAC asserts that Defendant has not provided Plaintiffs with a fair and lawful loan modification review. The FAC alleges that an application is currently pending, and that Defendant has failed to provide Plaintiffs with any information as to its status.

Under the prayer for relief, the FAC seeks the following:

    1.    Injunctive relief for violation of Cal. Civ. Code §§ 2923.6, 2923.7 and 2924.10;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01110 JAK (JEMx) | Date | May 18, 2016 |
|---|---|---|---|
| Title | Javier Ortiz, et al. v. Seterus, Inc., et al. | | |

    2. Damages sustained, in an amount to be proven at trial;
    3. Attorney's fees and reasonable costs;
    4. Such other relief as the court may deem just and proper.

*Id.* at 15.

These facts parallel those in *Vergara.* There, the court determined that the entire value of the loan was not at issue because the plaintiff sought only injunctive relief to enjoin a foreclosure sale for a limited time period, *i.e.*, until after defendant made a decision on plaintiff's pending loan modification. 2015 WL 1240421, at *2. There, the court noted that "[w]hile Vergara's prayer for relief is arguably ambiguous on this point, there is no doubt that this is the relief he seeks, as the Homeowner Bill of Rights does not authorize permanent injunctive relief, but permits it only until the defendant 'show[s] that the material violation has been corrected and remedied.'" *Id.* at *2 n.1 (quoting Cal. Civ. Code §§ 2924.12, 2924.19 (alteration in original)).[4] The facts alleged here are largely the same. Thus, Plaintiffs seek injunctive relief only pursuant to the HBOR, which means that, if granted, any injunctive relief would be temporary.

Defendant's effort to distinguish *Vergara* and similar cases is unpersuasive. Defendant contends that because the FAC does not explicitly request a "true and significant loan modification," as the plaintiff did in *Vergara*, the cases are distinguishable. However, this position is not supported by the substantive allegations in the two actions. The core of Plaintiffs' claims is that they have attempted to seek a loan modification but have not been provided a fair opportunity to do so. As a result, like the plaintiff in *Vergara*, Plaintiffs here assert a number of HBOR and state law claims. And, like the plaintiff in *Vergara*, Plaintiffs seek injunctive relief in conjunction with the HBOR claims, but do not seek to quiet title or to rescind the loan itself.

Defendant argues that in the cases on which Plaintiffs rely, no foreclosure was "impending" or "imminent," as it is here. Accepting this premise as true,[5] the cases relied on by Plaintiffs do not emphasize the "imminence" of the foreclosure. Instead, they assess whether, at bottom, a plaintiff seeks to rescind the loan at issue or permanently enjoin foreclosure. Plaintiffs have not sought either of these forms of relief in this action.

Further, the cases cited by Defendant are distinguishable. In *Garfinkle*, the plaintiffs challenged the lawfulness of the non-judicial foreclosure procedure and sought an injunction prohibiting the lender from selling the property that secured the loan. 483 F.2d at 1076. Thus, if the plaintiffs' challenge had been successful, the relief that would have followed was a permanent injunction of any foreclosure. Similarly, in *Reyes*, the plaintiffs' property had already been sold. They sought injunctive relief to prevent the defendant from "transferring rights in the unlawfully foreclosed properties." 2010 WL 2629785, at *4. In this manner, plaintiffs contested the propriety of the foreclosure sale. The court determined that the value of the property was determinative of the amount in controversy because "the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property." *Id.* at *5.

---

[4] Cal. Civ. Code § 2924.12(a)(2) ("Any injunction shall remain in place . . . until the court determines that the mortgage servicer . . . has corrected and remedied the violation or violations giving rise to the action for injunctive relief."); Cal. Civ. Code § 2924.19(a)(2) (same).
[5] There are no allegations that a notice of trustee's sale has been recorded or that any further action has been taken to begin the foreclosure process. The only allegation is that a notice of default was recorded in December 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-01110 JAK (JEMx) | Date | May 18, 2016 |
|---|---|---|---|
| Title | Javier Ortiz, et al. v. Seterus, Inc., et al. | | |

*Cabriales v. Aurora Loan Services*, 2010 WL 761081 (N.D. Cal. Mar. 2, 2010) is similar. There, the plaintiffs sought to enjoin the sale of their property, but did not allege that they had sought a loan modification. Thus, the requested injunction appeared to be one that would impose a permanent bar on foreclosure. In *Lee*, although the plaintiff asserted several HBOR claims, she also sought to quiet title to the subject property. 2015 WL 5618869, at *1. Similarly, in *Henderson v. Nationstar Mortgage Co.*, 2008 WL 302374, at *1 (W.D. Wash. Jan. 31, 2008), the plaintiff sought injunctive relief and rescission of the loan.

In light of the preceding analysis, Defendant has not shown that the jurisdiction amount required for diversity jurisdiction has been satisfied. *See Steele v. J.P. Morgan Chase Bank, N.A.*, 2015 WL 4272276, at *3-4 (C.D. Cal. July 14, 2015) (remanding action where plaintiffs sought to obtain a decision on their loan modification application and temporary injunctive relief while the defendant complied with the requirements of the HBOR); *Cheng*, 2010 WL 4923045, at *2 (remand warranted where "the primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages").

        2.       <u>Whether Statutory Damages Satisfy Amount in Controversy Requirement</u>

Defendant argues that the amount in controversy requirement is satisfied because Plaintiffs can be awarded statutory damages. Dkt. 16 at 10. Specifically, the HBOR provides that statutory damages may be awarded for "material" violations of Cal. Civ. Code §§ 2923.6, 2923.7 and 2924.10, where the violation is "intentional or reckless, or resulted from willful misconduct by a mortgage servicer." Cal. Civ. Code § 2924.12(b). The statute provides for "the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000)." *Id.* Thus, Defendant argues Plaintiffs may be awarded as much as $150,000 for the three HBOR claims.

The Complaint does not allege that Defendant's violations of the HBOR provisions were "intentional or reckless, or resulted from willful misconduct." Nor does the FAC. Moreover, § 2924.12(b) provides for statutory damages only "[a]fter a trustee's deed upon sale has been recorded." Neither the FAC nor the Complaint alleges that the Property has been sold, or that a notice of trustee's sale has been served. For these reasons, there is no showing that Plaintiffs are demanding or may properly seek to recover, statutory damages.[6]

                  \*                  \*                  \*

Defendant has not shown that the amount in controversy is more than $75,000. Therefore, and in light of the strong presumption that any doubt about removal should be resolved in favor of remand, *Gaus*, 980 F.2d at 566, the Motion is **GRANTED**.

---

[6] Defendant notes that "Plaintiffs allege that they 'have incurred copying, faxing, and attorney fees . . . and emotional distress damages as they have experienced headaches, loss of sleep, and nervousness.'" Dkt. 16 at 6-7 (quoting Compl., Dkt. 1, ¶ 53; FAC, Dkt. 10, ¶ 54). However, Defendant has not presented any evidence about the monetary value of such claims. Moreover, at the hearing on the Motion, defense counsel conceded that the amount in controversy is not satisfied by these potential claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-01110 JAK (JEMx) | Date | May 18, 2016 |
| Title | Javier Ortiz, et al. v. Seterus, Inc., et al. | | |

**IV.** **Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**. This action is **REMANDED** to the Los Angeles Superior Court at its Lancaster Courthouse located at 42011 4th Street West, Lancaster, California 93534. Because there is no jurisdiction over this matter, Defendant's motion to dismiss (Dkt. 13) is moot.

**IT IS SO ORDERED.**

   :  
Initials of Preparer   ak